Laura Ann E. Bailey,
THE CRONE LAW FIRM, PLC
88 Union Avenue, 14th Floor
Memphis, TN 38103
901.737.7740 (voice)
lbailey@cronelawfirmplc.com
Attorney for Plaintiff

# IN THE DISTRICT COURT OF ALASKA
# AT ANCHORAGE

| | |
|---|---|
| **Season Frenzel** | )<br>)<br>) |
| **Plaintiff,** | )<br>) **Case No.:** _____ |
| v. | )<br>) **JURY DEMANDED**<br>) |
| **Cash America Central Inc.,** *a Texas Corporation,*<br>**FirstCash, Inc.,** *a Texas Corporation,*<br>**Cash America, Inc. of Alaska,** *a Texas Corporation*, **and Cash America West, Inc.**<br>*a Texas Corporation.* | )<br>)<br>)<br>)<br>)<br>) |
| **Defendants.** | ) |

### VERIFIED COMPLAINT FOR VIOLATION OF
### THE FAIR LABOR STANDARDS ACT

**COMES NOW** the Plaintiff, Ms. Season Frenzel (hereinafter, "Claimant"/ "Frenzel") against Cash America Central, Inc. and FirstCash, Inc. Ms. Frenzel was employed by Cash America Central and FirstCash, Inc. (collectively hereinafter, "Defendants").

### NATURE OF THE CLAIM

1. Ms. Frenzel brings a cause of action under federal law, specifically the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Ms. Frenzel brings this action against Defendants for unpaid overtime compensation, related penalties, damages, and for failure to pay her for all hours worked. She

1

alleges that Defendants failed and refused to pay her overtime pay for hours worked over forty hours in a work week.

3. Defendants' practices are in direct violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. Ms. Frenzel seeks declaratory relief; overtime premiums for all overtime work required, suffered, or permitted by Defendants and liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

4. Defendants' practices and policies are, and have been since at least July 2, 2015, to willfully fail and refuse to pay overtime compensation due and owing to Ms. Frenzel in violation of the FLSA, and to willfully fail to compensate Ms. Frenzel for all hours worked while employed by Defendants.

5. Defendants instituted and carried out an unlawful policy and practice of refusing to pay Ms. Frenzel for all time worked and refusing to pay overtime for all hours worked in any given work week over forty hours, notwithstanding that she is a non-exempt employee entitled to overtime pay under the FLSA.

6. From July 2, 2015 until July 2, 2018, Ms. Frenzel worked overtime hours without proper compensation.

7. Upon information and belief, Defendants continue their illegal practices towards current and existing employees.

**PARTIES**

8. Ms. Frenzel is a resident of Eagle River, Alaska.

9. At all relevant times, Ms. Frenzel was an employee of Defendants for FLSA purposes.

2

Case 3:19-cv-00009-HRH   Document 1   Filed 01/16/19   Page 2 of 9

10. Defendant Cash America Central, Inc. is a Texas corporation with its principal place of business located at 1600 West 7th Street, Ft. Worth, Texas, 76102, and may be reached for service through its registered agent, Corporation Service Company/CSC- Lawyers Incorporating Service Company, 211 E. 7th St., Suite 620, Austin, TX 78701.

11. Defendant FirstCash, Inc. is a Texas corporation with its principal place of business located at 1600 West 7th Street, Ft. Worth, Texas, 76102, and may be reached for service through its registered agent, Corporation Service Company/CSC- Lawyers Incorporating Service Company, 211 E. 7th St., Suite 620, Austin, TX 78701.

12. Defendant Cash America West, Inc.is a Texas Corporation with its principal place of business located at 1600 West 7th Street, Ft. Worth, Texas, 76102, and may be reached for service through its registered agent, Corporation Service Company 9360 Glacier Hwy Suite 202, Juneau, AK 99801.

13. Cash America, Inc. of Alaska is a Texas Corporation with its principal place of business located at 1600 West 7th Street, Ft. Worth, Texas, 76102, and may be reached for service through its registered agent, Corporation Service Company 9360 Glacier Hwy Suite 202, Juneau, AK 99801.

14. Defendants were Ms. Frenzel's employer.

## FACTUAL BACKGROUND

15. Defendants employed Ms. Frenzel from approximately October 28, 2014 until July 2, 2018.

16. In or about March 2015, Ms. Frenzel was assigned the title of store manager.

17. Store managers are classified as exempt employees.

18. Ms. Frenzel was not paid an overtime premium for hours worked over forty (40)

in a work week after she became the store manager.

19. Ms. Frenzel worked at a number of stores located in and around Anchorage, Alaska, including but not limited to a store located at 2911 Spenard Road, Anchorage, Alaska, 99503 during the time she served as store manager.

20. Even though Defendants gave Ms. Frenzel the title of so-called "manager" her primary duties were no different than assistant store managers, who were paid hourly and were paid overtime premiums.

21. Further, Ms. Frenzel was required to get approval for nearly all decisions affecting the store operations from her District Manager.

22. Ms. Frenzel had little to no discretion on how to perform her job and how to operate the store.

23. Since Ms. Frenzel was classified as an exempt employee, Defendants paid Ms. Frenzel a so-called "salary" intended to compensate her for forty (40) hours a week.

24. Defendants failed and refused to pay Ms. Frenzel overtime compensation for all hours worked in any given work week over forty (40) hours.

25. Ms. Frenzel routinely worked fifty (50) to sixty (60) hours per week, well above the forty (40) hours per week threshold for awarding overtime pay.

26. Ms. Frenzel's primary duties were to serve as a store clerk.

27. Ms. Frenzel's job duties were nearly identical to assistant store managers, who were hourly employees.

28. For instance, both Ms. Frenzel and assistant store managers were responsible for creating the store schedule, but regardless of who created the schedule, Defendants required that the district manager approve the schedule before it went into effect.

4

29. Ms. Frenzel had little to no discretion in interviewing and selecting employees to hire for Defendant.

30. All hiring decisions had to be approved by Ms. Frenzel's District Manager.

31. Ms. Frenzel was not responsible for determining employees' pay, rates, and work hours.

32. Ms. Frenzel did not maintain the companies' production or sales records to use in supervision or control over Defendants' employees.

33. During the relevant time period, Ms. Frenzel was not responsible for evaluating Defendants' employees' productivity and job performance or awarding raises or promotions.

34. All employee evaluations, including performance assessments or evaluations to award a promotion or raise, were conducted by Ms. Frenzel's district manager.

35. The district manager issued the final decision as to whether or not a particular employee received a raise or promotion.

36. Ms. Frenzel did not have discretion to discipline Defendants' employees and was not in charge of resolving their complaints.

37. If a complaint was alleged against an employee, Ms. Frenzel would learn of this complaint from her district manager, and Ms. Frenzel would simply inform the employee of the complaint.

38. The district manager would select the disciplinary action that an employee would receive.

39. Ms. Frenzel was not responsible for deciding what kind of materials, products, supplies, machinery or tools would be bought and used by Defendants.

40. Ms. Frenzel could not make any purchases on behalf of the store without the

approval of the district manager.

41. Ms. Frenzel did not control the flow and distribution of said materials.

42. Ms. Frenzel had no special discretion or authority to make decisions about the value of goods for which loans were extended.

43. Defendants used a computer program to set the value of goods for which loans were extended.

44. If Ms. Frenzel wanted to write a loan for an amount greater than the value set by the computer program, she had to obtain approval from her district manager.

45. Ms. Frenzel had no special responsibility for the safety of the employees and property of Defendant.

46. All store employees were responsible for the safety of other employees and property of the Defendant.

47. Hourly employees were only permitted to work overtime if it was pre-approved by the district manager.

48. Ms. Frenzel was required to work any additional hours during which the store needed coverage and overtime was not approved by a district manager

49. Defendants' district managers told Ms. Frenzel which work assignments to complete, when they had to be completed, and how the work should be performed.

50. Ms. Frenzel did not have discretion to perform managerial duties.

51. Defendants' district managers controlled the decisions and daily operations of the store.

52. Defendant FirstCash, Inc. merged with the Cash America Defendants in approximately September 2016, and had the power to hire and fire Ms. Frenzel.

53. In addition, Defendant FirstCash, Inc. took over the operations of the Cash America Defendants including the store and business operations.

54. Defendant FirstCash, Inc.'s pay practices and misclassification of store managers as non-exempt executive employees, including Ms. Frenzel, continued.

55. Defendants did not pay fifty percent (50%) or more of Ms. Frenzel's earnings in commissions.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

56. Ms. Frenzel re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 55 as if they were set forth fully herein.

57. Upon information and belief, at all relevant times, Defendants have been, and continue to be, "employers" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

58. Upon information and belief, at all relevant times, Defendants have employed and/or continue to employ "employee[s]," such as Ms. Frenzel.

59. Upon information and belief, at all relevant times, Defendants have had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

60. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees for all hours worked at an hourly rate and compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

61. Ms. Frenzel is not exempt from the right to receive overtime pay or to be paid for all hours worked over forty (40) under the FLSA.

62. Ms. Frenzel is entitled to be paid compensation for all hours worked and is

7

entitled to be paid overtime compensation for all overtime hours worked.

63. As a result of Defendants' failure to compensate Ms. Frenzel for all hours worked and failure to compensate her at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendants have violated, and continue to violate, the FLSA, including 29 U.S.C. § 207(a)(1) and § 206(a).

64. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

## PRAYER FOR RELIEF

WHEREFORE, Ms. Frenzel prays for relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

2. Pre-Judgment interest, as provided by law;

3. An award of money damages for unpaid wages, including liquidated damages, front pay, back pay and compensatory damages, and penalties in an exact amount to be determined at trial;

4. Award of money to Ms. Frenzel for costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; and

5. Any and all such other and further legal and equitable relief as this Panel deems necessary, just, and proper.

Dated: January 15, 2019        Respectfully submitted,

/s/ Laura Ann E. Bailey
Laura Ann E. Bailey, TN Bar No. 027078
*Applying Pro Hac Vice*
THE CRONE LAW FIRM, PLC
88 Union Avenue, 14th Floor
Memphis, TN 38103
901.737.7740 (voice)
901.474.7959 (voice)

901.474.7926 (fax)
lbailey@cronelawfirmplc.com

*Attorney for Plaintiff*